AMERICAN FEDERATION OF GOV-
ERNMENT EMPLOYEES, LO-
CAL 4036, Petitioner,

v.

FEDERAL LABOR RELATIONS
AUTHORITY, Respondent.

No. 03–1337.

United States Court of Appeals,
District of Columbia Circuit.

Oct. 4, 2004.

Joe Goldberg, Washington, for Petition-
er.

David Michael Smith, Solicitor, William
Reed Tobey, Deputy Solicitor, David Mi-
chael Shewchuk Washington, for Respon-
dent.

Before RANDOLPH, ROGERS, and
GARLAND, Circuit Judges.

*JUDGMENT*

PER CURIAM.

This petition for review of an order of
the Federal Labor Relations Authority
(FLRA) was presented to the court, and
briefed and argued by counsel. The court
has accorded the issues full consideration
and has determined that they do not war-

64

rant a published opinion. *See* D.C.Cir. Rule 36(b). It is

ORDERED and ADJUDGED that the petition for review be denied.

The petitioner contends that FLRA erred in determining that the agency (the U.S. Department of Justice, Federal Bureau of Prisons, Federal Correctional Institution, Marianna, Florida) did not commit an unfair labor practice by failing to comply with an arbitration award. FLRA's factual determinations are conclusive if they are supported by "substantial evidence on the record considered as a whole." 5 U.S.C. § 7123(c); *see National Ass'n of Gov't Employees v. FLRA,* 363 F.3d 468, 475 (D.C.Cir.2004). Moreover, the General Counsel bears the burden of establishing that the agency committed an unfair labor practice. *See* 5 C.F.R. § 2423.32; *United States Dep't of Commerce, Patent & Trademark Office,* 54 F.L.R.A. 360, 370 (1998), *pet. denied sub nom. National Ass'n of Gov't Employees v. FLRA,* 179 F.3d 946 (D.C.Cir.1999).

■ In this case, there is substantial evidence to support FLRA's determination that the General Counsel failed to establish noncompliance with the arbitrator's order that the agency "vacate posts only for good cause and not on a routine basis for administrative convenience." Although the number of vacated posts did not appear to have decreased after the arbitrator's order, FLRA reasonably determined that many of the posts remained unfilled for good cause: namely, that they were located at a housing unit in which inmates were no longer being housed. FLRA also reasonably rested its determination on evidence that the agency had nearly doubled its overtime expenditures, and that it had used the overtime to fill vacant posts.

■ The petitioner further contends that FLRA procedurally erred by reversing findings of the Administrative Law Judge (ALJ) on grounds not raised by the agency in its exceptions to the ALJ's decision. The petitioner, however, never argued this objection before FLRA, and we are therefore barred from considering it. *See* 5 U.S.C. § 7123(c). Although the petitioner contends that the bar of § 7123(c) does not apply where a dissenting member of FLRA makes the same objection, that contention is foreclosed by our precedents. *See National Ass'n of Gov't Employees v. FLRA,* 363 F.3d 468, 479–80 (D.C.Cir. 2004); *Contractors' Labor Pool, Inc. v. NLRB,* 323 F.3d 1051, 1061 (D.C.Cir.2003).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41(a)(1).